Day, C. J.
The demurrer to the original petition put in question both the right of the plaintiff to sue on the recognizance and the sufficiency of the cause of action stated in the petition. The view we take of the latter question renders it unnecessary to decide the former. The petition is historically voluminous, and seems to be based on two grounds of recovery: 1. That the sureties in the recognizance are liable for any amount that may be adjudged against their principal in the case in which it was taken; 2. That they were in default in not bringing him into court when called at a subsequent term.
1. The recognizance must be construed in the light of the statute under which it was taken. That only requires the recognizance, .at most, to be for the appearance of the accused at the next term of the court, to answer the complaint, and to abide the order of the court thereon. In Porter v. The State, 23 Ohio St. 320, it was held that the “order” here spoken of, relates only to the defendant’s appearance and submission to such further order as the court may make touching his continuance or future appear *181 anee in court, and not to the payment of the final judgment in the case. The recognizance, then, imposed no obligation on the sureties to pay the amount adjudged against their principal in the case in which it was taken. In legal effect, it only requires the accused to appear and await the order of the court.
2. Were the sureties bound by the recognizance for the appearance of their principal at the term of the court in which the default was entered against them? The recognizance was taken at the April term, 1869, conditioned for the appearance of the accused at the next term of the court, to answer the complaint against him, and abide the order of the court thereon. It seems to have been regularly continued by the court until the February term, 1870, when the accused appeared, and was tried and found guilty. Thereupon the court adjudged the defendant to he the reputed father of the bastard child of the complainant, and that he stand charged with its maintenance' in the sum of $400, to be paid in a specified manner at a future time, and also with the costs of prosecution. But, instead of ordering the defendant to give security for the performance of the foregoing order, or, in default thereof, committing him to jail until he should comply therewith, as required by the statute, the court awarded execution for the amount ordered to be paid to the complainant and for the costs, and thus finally disposed of the case. No entry was made continuing the recognizance, nor had there been any default entered or made under it.
Up to the final disposition of the case and close of that term of the court, the recognizance had been fully complied with. It was not intimated that the appearance of the defendant would be required at a future term of the court, and the sureties might well suppose that their obligation was at an end, since they could not know when, if ever, the ease would make its appearance again in that court. But the sixth section of the act under which the recognizance was taken, requires the continuance of the “bonds of recognizance” to be entered by order of the court, unless the *182 security objects thereto. By clear implication, a final disposition of tbe case without a continuance of the recognizance terminates the obligation of the sureties thereon. Prom that time they could have no custody of, or power over, their principal to enforce his appearance at a future term of the court. Having been once discharged from their obligation under the recognizance, the subsequent appearance of the case in the Common Pleas, on the mandate of the District Court, did not revive the liability of the sureties. To this effect is the case of Duncan v. Tindall, 20 Ohio St. 567. They were not bound for the appearance of the defendant at the term of the court when the default was taken against them. Nearly three years had elapsed since that obligation terminated. The District Court was right in reversing the judgment of the Common Pleas, and in sustaining the demurrer to the petition.

Motion overruled.

McIlvaine, Welch, Stone, and White, JJ., concurred.